

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS *ex rel.* KWAME RAOUL, Attorney General of the State of Illinois, | ) | No. 1:18-cv-02861 |
| *Plaintiff,* | ) | Judge Andrea R. Wood |
| v. | ) | |
| SUBURBAN EXPRESS INC.; ALLERTON CHARTER COACH, INC.; and DENNIS TOEPPEN, individually and in his official capacity as owner. | ) | |
| *Defendants.* | ) | |

**CONSENT DECREE**

WHEREAS, on April 23, 2018, the Attorney General of the State of Illinois, on behalf of the People of the State of Illinois ("OAG"), commenced the instant Civil Action No. 18-cv-02861 (the "Lawsuit") by filing a complaint against Suburban Express Inc., Allerton Charter Coach, Inc., and Dennis Toeppen, individually and in his official capacity as owner (collectively "Defendants"); and

WHEREAS, to resolve the disputes that have arisen among the Parties, the Parties desire to enter into this consent decree;

OAG and the Defendants (collectively, the "Parties") hereby enter into this consent decree on the terms and conditions set forth below:

**DEFINITIONS**

1. "Suburban Express" means Suburban Express, Inc., an Illinois corporation in the business of selling tickets for passenger transportation, as well as

any successors, assigns, and other company, corporation, partnership, group, or organization which is a parent, subsidiary, or affiliate of Suburban Express, Inc.

2. **"Allerton Charter Coach"** means Allerton Charter Coach, Inc., an Illinois corporation in the business of transporting passengers, as well as any successors, assigns, and other company, corporation, partnership, group, or organization which is a parent, subsidiary, or affiliate of Allerton Charter Coach, Inc.

3. **"Dennis Toeppen"** is an individual living in Illinois and is the owner and operator of Suburban Express, Inc. and Allerton Charter Coach, Inc.

4. "**Defendants**" means, collectively, Suburban Express, Allerton Charter Coach, and Dennis Toeppen.

5. "**Effective Date**" means April 9, 2019.

REQUIREMENTS

1. No Admission. This consent decree shall not constitute an admission by any of the Parties of any claims or allegations which have been or could have been made by one against the other and shall not constitute or be considered an admission by any Party of any liability, wrongdoing or improper conduct.

2. Releases. Effective upon expiration of the Consent Decree, OAG does hereby forever release and discharge Dennis Toeppen, Suburban Express, and Allerton Charter Coach, and their respective members, managers, attorneys, agents and other representatives, and the respective predecessors, successors, successors-in-interest, assigns, heirs, and representatives of each of the Counts of the Lawsuit relating to conduct occurring up to the Effective Date. Notwithstanding the foregoing, nothing in

this consent decree should be interpreted to release any Party's rights to enforce this consent decree.

3. Non-Injunctive Relief.

a. Within 180 days of the Effective Date, Defendants shall pay OAG $100,000. Defendants shall make payment to OAG in the form of a cashier's or certified check, made payable to the "Attorney General's Consumer Trust Account." Payment shall be hand delivered to the Office of the Attorney General of Illinois, Civil Rights Bureau, Attn: Alison Hill, 100 W. Randolph Street, 11th Floor, Chicago, IL 60601. From these funds, OAG shall distribute payments to consumers pursuant to the following procedures:

i. Within 90 days of the Effective Date, Defendants shall provide OAG with a list of all customers who purchased tickets but did not receive a payment for tickets between April 23, 2014 and the Effective Date and are therefore eligible to seek payments.

ii. The time period for customers to seek payments under this Consent Decree shall commence on the Effective Date and shall end 180 days after the Effective Date.

iii. Suburban Express shall host a web form beginning on April 30, 2019 at http://suburbanexpress.com/ndil.htmlthrough which OAG and Defendants shall electronically receive payment requests submitted using the online Payment Request Form attached to this Consent Decree as Exhibit A. Each Defendant shall prominently

    display a link to the form and display the text "Click here to submit a payment request to the Illinois Attorney General relating to conduct in *State v. Suburban Express.*" in visible type no smaller than the body text size on the home page of its website, any web page displaying the terms and conditions of any ticket purchase, the ticket order confirmation that any Defendant emails to any purchaser, and all marketing emails.

iv. Within 28 days of their receipt of a payment request, Defendants may offer information pertinent to the payment request via email to the OAG email address designated in Paragraph 13 of the Consent Decree. OAG agrees to consider in good faith any information provided by Defendants.

v. OAG shall evaluate payment requests from customers of Defendants concerning the conduct described in the complaint in the Lawsuit and approve any such payment request at OAG's discretion. OAG shall make such approved payments within 180 days of receipt of the payment described in Paragraph 3(a) of the Consent Decree.

b. No Retaliation. Defendants shall not take adverse action against an individual solely because the individual requests or receives a payment pursuant to these procedures, including but not limited to: banning the customer from Defendants' services, publicly identifying on any Defendant's website any individual who has requested a payment, or

       otherwise engaging in public commentary about any specific individual who has requested a payment.

c. If the total monetary amount of approved payments exceeds the total amount required to be paid by Defendants pursuant to Paragraph 3(a) of this Consent Decree, such payments shall be made *pro rata*; if the total monetary amount of such approved payments does not exceed the total amount required to be paid pursuant to Paragraph 3(a) of this Consent Decree, such payments shall be $20.00 per approved payment.

d. Monies remaining, if any, after the distribution of payments shall be deposited into the "Attorney General Court Ordered and Voluntary Compliance Payment Projects Fund" and may be used by OAG for any of the purposes set forth in 815 ILCS 505/7(e).

4. Injunctive Relief.

a. Defendants agree that they and their agents, directors, officers, and employees shall not engage in any form of race, national origin, or religion-based discrimination, as set forth in 42 U.S.C. § 1981, and the Illinois Human Rights Act, 775 ILCS 5/5-102.

i. Defendants agree that they and their agents, directors, officers, and employees shall not ban anyone from service on the basis of race, national origin, or religion.

ii. Defendants agree that they and their agents, directors, officers, and employees shall not offer different services, or deny services, to anyone on the basis of race, national origin, or religion.

iii. Defendants agree that they and their agents, directors, officers, and employees shall not circulate or distribute communications that Defendants know are to the effect that their services will be denied to any person or that any person is unwelcome, objectionable, or unacceptable because of race, national origin, or religion.

iv. Defendants shall place the following anti-discrimination policy language in 12-point or larger visible type no smaller than the body text size on the main page of any Defendant's website, the web page displaying the terms and conditions of any–ticket purchase, the ticket order confirmation that any Defendant emails to any purchasers, all marketing emails, on all buses and vans owned and operated by a Defendant, and on all written driver instructions that accompany buses:

> All persons are welcome to ride on our vehicles. We do not discriminate, offer different services, or deny services on the basis of any individual's race, color, sex, gender, identity, age, religion, disability, national origin, ancestry, sexual orientation, marital status, parental status, military status, or source of income, consistent with Illinois law. You are welcome here.

Defendants shall distribute copies of this policy to all temporary and permanent employees of Defendants within 60 calendar days of the Effective Date. Defendants shall make reasonable efforts to distribute copies of this policy to all non-employee agents, including drivers, within 60 calendar days of the Effective Date.

      v. Defendants shall place the following language in visible type no smaller than the body text size on any advertisement within the State of Illinois that is created after the Effective Date and is printed 36 square inches or larger or posted online:

> We do not discriminate on the basis of race, color, sex, gender, identity, age, religion, disability, national origin, ancestry, sexual orientation, marital status, parental status, military status, or source of income.

b. Defendants agree that they and their agents, directors, officers, and employees shall not offer any contract term that violates the Consumer Review Protection statute, 45 U.S.C. § 45b.

c. Defendants agree that they and their agents, directors, officers, and employees shall not engage in any violation of Section 2UUU of the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/2UUU.

i. Defendants agree that they and their agents, directors, officers, and employees shall not offer any contract that violates Section 2UUU of the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/2UUU.

ii. Defendants agree that they and their agents, directors, officers, and employees shall not threaten or seek to enforce a provision made unlawful under Section 2UUU of the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/2UUU, provided that nothing in this consent decree shall be construed to address Defendants' non-discriminatory written responses to customer

    statements when those responses are protected under Section 2UUU. Nothing in this consent decree shall be interpreted to limit Defendants' rights against third parties for statements otherwise actionable under the law, nor shall it preclude requests by Defendants that the host of a consumer statement remove the statement.

  iii. Defendants agree not to penalize customers based solely on online comments about any Defendant, including reviews, unless so permitted by change in applicable law that post-date the Effective Date.

d. Defendants agree that they and their agents, directors, officers, and employees shall comply with Section 2 of the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/2.

  i. Defendants agree that they and their agents, directors, officers, and employees shall not ban customers from service for discriminatory reasons.

  ii. Defendants agree that they and their agents, directors, officers, and employees shall not publish customers' Personal Information, as defined by 815 ILCS 530/5.

e. Defendants agree that they and their agents, directors, officers, and employees shall comply with 815 ILCS 530/10, 45.

  i. Defendants agree that they and their agents, directors, officers, and employees shall implement and maintain reasonable security

        measures to protect records containing Personal Information as defined in 815 ILCS 530/5 from unauthorized access, acquisition, destruction, use, modification, and disclosure per 815 ILCS 530/45.

ii. Defendants agree that they and their agents, directors, officers, and employees shall notify individuals of any breach of the security of records containing their personal information per 815 ILCS 530/10.

iii. Defendants agree that they and their agents, directors, officers, and employees shall not publish or in any other way make public customers' Personal Information, as defined by 815 ILCS 530/5.

5. <u>Training.</u> Dennis Toeppen and all employees of Suburban Express and Allerton Charter Coach shall attend an annual training, approved by OAG, regarding the laws against discrimination on the basis of race, national origin, and religion. This training may be provided via online programming. Approval by OAG shall not be unreasonably withheld. Defendants shall also adopt training policies and procedures designed to ensure that all employees and agents, including drivers and other employees from third-party contractors, comply with the consent decree.

6. <u>Reporting</u>. For the duration of this consent decree, Defendants shall retain copies of all complaints received from customers or potential customers; all versions of contracts offered by Suburban Express; and all advertisements of any form placed by Suburban Express, including email and web-based advertisements. Every 180 days for the duration of the consent decree, Defendants shall provide the following records to OAG, along with a certification under oath that such responses are complete and accurate:

    a. Copies of all complaints and the responses thereto received by Defendants during the preceding 180-day reporting period.

b. Exemplars of all versions of contracts offered by Suburban Express during the preceding 180-day reporting period.

c. Exemplars of all advertisements of any form placed by Suburban Express during the preceding 180-day reporting period, including email and web-based advertisements and social media advertisements.

7. Corporate Structure. Defendants shall notify the OAG of any changes in the structure of Suburban Express or Allerton Charter that may affect compliance obligations arising under the Consent Decree, including but not limited to: cessation or suspension of operations, dissolution, assignment, sale, merger, reorganization, creation or dissolution of a subsidiary, parent or affiliate, or a change in business name or address, at least 30 days prior to such change, provided that with respect to any proposed change in the business entity about which Defendants learn less than 30 days prior to the date such action is to take place, Defendants shall notify the OAG as soon as is practicable after obtaining such knowledge.

8. Enforcement. If OAG believes that any Defendant has failed to comply with any provision of this consent decree, OAG shall notify Defendants of the alleged noncompliance in writing and shall afford the non-complying Defendant 30 days to remedy the noncompliance or to satisfy OAG that the alleged noncomplying Defendant has complied. If OAG and Defendants do not reach agreement at the end of the 30-day period, OAG may apply to the Court for appropriate relief. Defendants recognize that OAG may seek the following:

    a. Entry of a monetary judgment;

b. An order enjoining the noncomplying Party or Parties from advertising, offering, or selling transportation services to consumers in or from the State of Illinois;

c. An order suspending or forfeiting the Defendants' licenses, charters, certificates, or other evidence of authority to do business in the State of Illinois; and

d. An order requiring the noncomplying Party or Parties to make restitution to all consumers affected by the noncomplying Party's or Parties' unlawful acts and practices; and

e. Other relief as appropriate.

9. Compliance. Defendants shall permit OAG to inspect vehicles owned and operated by Defendants and otherwise attend and observe Defendants' loading and unloading processes at all locations within the State of Illinois to evaluate compliance with the consent decree, provided that OAG undertake reasonable efforts not to interfere with Defendants' business operations absent extreme circumstances.

10. Term of Agreement. Unless otherwise stated herein, agreed by the parties in writing, or ordered by the Court, all provisions of this consent decree will be in effect for a period of three years from the Effective Date.

11. Provision of Agreement. Defendants shall provide a copy of this consent decree to any organization or person who proposes to acquire or merge with Suburban Express or Allerton Charter prior to the effectiveness of such acquisition or merger.

12. Complete Agreement. This consent decree sets forth the entire understanding of the Parties with respect to the transactions contemplated by this consent decree and supersedes and cancels any prior agreements, arrangements, representations, warranties or communications (whether oral or written) between or among the Parties relating to this consent decree or any subject matter contained in this consent decree. Any and all previous agreements, arrangements, representations, warranties, communications and understandings between or among the Parties regarding the transactions contemplated by this consent decree or any subject matter contained in this consent decree, whether written or oral, are superseded by this consent decree.

13. Notices. Any notice, request, demand, waiver, consent, approval or other communication that is required or permitted between OAG and the Defendants under the terms of this consent decree shall be in writing and shall be (i) delivered personally by hand, (ii) delivered by an internationally recognized overnight or courier service, (iii) delivered by U.S. Mail, return receipt requested, or (iv) delivered by email directed to the party's respective address or email address set forth below, or at such other address or facsimile number or email address as a party may designate by giving at least five (5) days' advance written notice to the other parties. All such notices and other communications shall be deemed given (1) upon receipt or refusal of receipt, if delivered personally upon the party for whom it is intended, (2) when delivered, if sent by an internationally recognized overnight or courier service, or (3) when emailed, if emailed. All Notices must be addressed as follows:

If to OAG, to:

If by U.S. Mail or overnight carrier:

Thomas J. Verticchio
Senior Assistant Attorney General
Public Interest Division
Office of the Illinois Attorney General
100 W. Randolph Street, 11th Floor
Chicago, IL 60601

If by email, an email address to be provided by OAG to Defendants contemporaneous with execution of the consent decree.

If to Defendants, to:

If by U.S. Mail or overnight carrier:

Dennis Toeppen
P.O. Box 17221
Urbana, Illinois 61801

If by email, an email address or email addresses to be provided by Defendants to OAG contemporaneous with execution of the consent decree.

14. Execution. This consent decree may be executed by the Parties in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. An executed photocopy shall be deemed an original.

15. Amendments. No amendment, modification, replacement or restatement of this consent decree or any provision of this consent decree will be valid unless it is in writing and signed by each of the Parties.

16. Severability. If any term, provision or condition of this consent decree is held by a court of competent jurisdiction to be invalid, unenforceable or void, the remainder of this consent decree, including the other terms of the affected provision,

shall in no way be affected, impaired or invalidated thereby and shall remain in full force and effect to the maximum extent allowed by law.

17. Jurisdiction. The Court has jurisdiction over the subject matter of the complaint having been filed herein and over the parties to this consent decree. The Court will retain jurisdiction over this matter for the purpose of enforcing this consent decree.

IN WITNESS WHEREOF, this consent decree has been duly executed and delivered by the Parties.

PEOPLE OF THE STATE OF ILLINOIS

People of the State of Illinois *ex rel.* KWAME RAOUL, Attorney General of the State of Illinois

By: ______________________
Name: Thomas J. Verticchio
Title: Senior Assistant Attorney General

DENNIS TOEPPEN:

______________________
Dennis Toeppen

SUBURBAN EXPRESS

Suburban Express Inc., an Illinois corporation

By: ______________________
Name: Dennis Toeppen
Title: President

ALLERTON CHARTER COACH, INC.

Allerton Charter Coach, Inc., an Illinois corporation

By: ______________________
Name: Dennis Toeppen
Title: President

17620690

**SO ORDERED**, this 9th day of April 2019.

United States District Judge

EXHIBIT A

Suburban Express Payment Request Form

If you are a current or former customer of Suburban Express, Inc., you may be eligible for a one-time payment of up to $20, pursuant to the consent decree entered [DATE] in *State v. Suburban Express, Inc. et al.*, No. 18-cv-2861 (N.D. Ill.) (the "Consent Decree"). The payment process is available to customers of Suburban Express, Inc. who made purchases between April 23, 2014 and [Effective Date].

If you wish to receive a one-time payment, please complete and submit this form ("Payment Request"). To be eligible for a payment, you must submit the completed form no later than [Date 180 days after Effective Date]. If you are an eligible customer and your submission is approved, we will remit payment to you via check at the name and address you list below.

Please note that neither the submission of this form, nor any information provided by you in this form, automatically entitles you to a payment. All payments by the Office of the Illinois Attorney General are subject to, and conditioned upon, compliance by the defendants with the terms of the Consent Decree.

**Please provide the following information:**

*Name Used in Ticket Purchase*:
*Street Address*:
*City*:
*State*:
*ZIP Code*:
*Email Address Used In Ticket Purchase*:
*Current Email Address*:
*Date of Ticket Purchase (if known)*:
*Reservation Number (if known)*:

**By submitting this form, you acknowledge and understand the following:**

- The information I submit on this form will be shared with the Office of the Illinois Attorney General, which may contact me. I understand that the Attorney General is not my private attorney, but represents the public to enforce State laws. If I have any questions concerning my legal rights or responsibilities, I should contact a private attorney. Under most circumstances, my payment request, and any documents submitted with my request, may be considered a public record and may be available to a member of the public upon request, subject to the exemptions provided under the Freedom of Information Act, 5 ILCS 140/7 and 5 ILCS 140/7.
- In the event of a payment, the check will be made out to the name and address of the person listed above.

I hereby affirm and attest under penalty of perjury that the above information is true and correct.

________________________________________

E-signature (box or fill-in area)