UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS ) *ex rel.* KWAME RAOUL, Attorney General ) of the State of Illinois, ) ) *Plaintiff*, ) ) v. ) ) SUBURBAN EXPRESS, INC.; ALLERTON ) CHARTER COACH, INC.; and DENNIS ) TOEPPEN, individually and in his official ) capacity as owner, ) ) *Defendants*. ) | No. 1:18-cv-2861<br><br>Judge Andrea R. Wood |

## **MOTION TO ENFORCE CONSENT DECREE**

Plaintiff, the People of the State of Illinois *ex rel.* Kwame Raoul, Attorney General of the State of Illinois ("the State"), respectfully moves the Court for relief to address Defendants' violations of the consent decree entered in this case (Dkt. 95) ("Consent Decree"). In support of its motion, the State states the following:

1. On April 9, 2019, the Court entered the Consent Decree between the State and Defendants, requiring Defendants to comply with a wide array of injunctive terms. The effective date of the Consent Decree is April 9, 2019. Defendants are violating the Consent Decree in multiple ways.

**Violating the Prohibition Against Penalizing Customers**

2. The Consent Decree requires Defendants "not to penalize customers based solely on online comments about any Defendant, including reviews…." Consent Decree ¶ 4(c)(iii). To penalize is to "impose a penalty; to punish," or to "treat unfairly." BLACK'S LAW DICTIONARY (10th ed. 2014).

3. Defendants flouted this requirement immediately after entry of the Consent Decree by posting a defamatory web page that penalizes a customer through viciously attacking the customer solely for online comments about Suburban Express. *See* Ex. A. On the Suburban Express web page, Defendants refer to the individual's "specific complaints" about Suburban Express on yelp.com and Defendants include a link to a screenshot of the individual's Yelp reviews of Suburban Express. On this Suburban Express web page, Defendants go on to criticize the individual's comments about Suburban Express on other websites. Defendants proceed to post a link on this web page entitled "Growing up in the Desert," which leads to a page of a map website that Defendants purport to show the address of the individual's "childhood home." On the same web page, Defendants ridicule the individual's mental state, asking about the individual's purported "childhood home": "What happened here? When people ask about the counseling center at the University of Illinois or mental health issues, [the individual]'s alter-ego online seems to answer quickly." Defendants then attack the individual in her professional capacity, asserting that they "wish she'd focus on finishing her dissertation instead of spending all her time trashing us online,"

including a link to the individual's professional LinkedIn web page and her own professional website.

### Violating the Prohibition Against Unwelcoming Communications

4. The Consent Decree requires Defendants to "not circulate or distribute communications that Defendants know are to the effect that their services will be denied to any person or that any person is unwelcome, objectionable, or unacceptable because of race, national origin, or religion." Consent Decree ¶ 4(a)(iii). Defendants are violating this term as well.

5. The post-Consent Decree web page described above attacks an individual of Asian origin. Defendants have posted a second web page attacking another individual of Asian origin. *See* Exhibit B. On this page, Defendants attack this individual as an "insane" "spoiled child." Defendants proceed to attack the individual's father, also of Asian origin, accusing the father of having a business not in good standing with the State of Illinois and asserting that "[t]here seems to be something fundamentally wrong with the parenting in" the individual's family. Defendants state on this web page that the individual under attack "reminds us" of Suey Park, a prominent Asian-American activist who advocates against discrimination against Asian-Americans, and that the reader should "Google" Suey Park "for a good laugh." Defendants go on to post the address, phone number, and email address of the individual under attack. Taken individually or together with the other page Defendants have posted attacking a person of Asian origin, Defendants have circulated communications that Defendants know are to the effect that the

individuals under attack are objectionable and unacceptable because of their race and national origin.

### Failing to Post Required Anti-Discrimination Policies

6. The Consent Decree requires Defendants to "place the following anti-discrimination policy language in 12-point or larger visible type no smaller than the body text size on the main page of any Defendant's website" as well as "the web page displaying the terms and conditions of any–ticket purchase": "All persons are welcome to ride on our vehicles. We do not discriminate, offer different services, or deny services on the basis of any individual's race, color, sex, gender, identity, age, religion, disability, national origin, ancestry, sexual orientation, marital status, parental status, military status, or source of income, consistent with Illinois law. You are welcome here." Consent Decree ¶ 4(a)(iv).

7. At the time of this filing, Defendants have either not placed or not placed the entirety of this required language on the main page of any of their websites or on the web page displaying the terms and conditions of ticket purchases. *See* Exhibits C–H. This is true despite that Defendants have taken the time to post, on at least one of those same websites, a statement about the Consent Decree and subsequent events. *See, e.g.*, Ex. C.

### The State's Effort to Resolve the Issues Raised

8. Defendants represented to the State that the required anti-discrimination postings referenced above will be made prior to the time this motion

is called to hearing on April 23. As of this filing, however, they have not done so, and the State reserves its right to challenge Defendants' noncompliance.

9. The State also brought each of the remaining Consent Decree violations raised in this motion to the Defendants' attention. The Defendants denied that the conduct in question violates the Consent Decree and refused to take remedial action. WHEREFORE, consistent with Paragraph 8 of the Consent Decree, the State respectfully requests that the Court:

a. Enter a monetary judgment against Defendants for $10,000;

b. Order Defendants to remove the web pages shown in Exhibits A and B within 24 hours;

c. Order Defendants to post the required language on the main page of any Defendant's website within 24 hours; and

d. Enter any further orders that the Court deems just and appropriate.

Date: April 17, 2019

Respectfully submitted,

By: /s/ Jeff VanDam

KWAME RAOUL
*Attorney General of Illinois*

Matthew V. Chimienti
Alison V. Hill
Jeff VanDam
Thomas J. Verticchio
*Assistant Attorneys General*
Civil Rights & Special Litigation Bureaus
100 W. Randolph Street, 11th floor
Chicago, IL 60601
Tel.: (312) 814-1188
*mchimienti@atg.state.il.us*

*ahill@atg.state.il.us*
*jvandam@atg.state.il.us*
*tverticchio@atg.state.il.us*