UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS *ex rel.* KWAME RAOUL, Attorney General of the State of Illinois,<br><br>    *Plaintiff,*<br><br>v.<br><br>SUBURBAN EXPRESS, INC.; ALLERTON CHARTER COACH, INC.; and DENNIS TOEPPEN, individually and in his official capacity as owner,<br><br>    *Defendants.* | No. 1:18-cv-2861<br><br>Judge Andrea R. Wood |

**RESPONSE TO DEFENDANT TOEPPEN'S MAY 7, 2019 FILING AND MOTION FOR MISCELLANEOUS RELIEF**

Plaintiff, the People of the State of Illinois *ex rel.* Kwame Raoul, Attorney General of the State of Illinois ("the State"), for its response to Defendant Dennis Toeppen's May 7, 2019 filing and motion for miscellaneous relief concerning Defendants' ongoing obligation to comply with the Consent Decree entered in this case (Dkt. 95) ("Consent Decree"), states as follows:

1. On May 1, the Court heard argument from the State and Toeppen concerning the State's Motion to Enforce Consent Decree (Dkt. 99). The Court entered and continued the State's motion to June 20, 2019.

2. On May 7, 2019, Toeppen filed his "Filing to Advise Court and Plaintiff of Changes to Defendants' Websites and Operations" (Dkt. 114) ("May 7 Filing"). In

the May 7 Filing, Toeppen states "Suburban Express is ceasing operations 5/7/19," that Defendant Allerton Charter Coach, Inc. is doing the same "other than movements related to disposition of vehicles," and that these entities "are being dissolved as soon as accounting wind-down accounting [sic] is completed, and hopefully no later than July 31." *Id.* at 1–2. Toeppen asserts that these actions "render state's [sic] recent motions moot, and seem to render most of the consent decree moot. They obviate the need for court [sic] to devote further resources to this matter." *Id.* at 2.

3. Contrary to Toeppen's assertion, the Consent Decree is far from moot. Notwithstanding any event relating to the corporate defendants, Toeppen is bound by the Consent Decree in his personal capacity for its entire term and remains subject to the Court's jurisdiction. *See* Consent Decree ¶ 17. Beyond that, as Toeppen concedes, the Defendants Suburban Express and Allerton Charter still exist; there is no direct proof beyond Toeppen's assertions that these entities have ceased operations, and Toeppen affirmed in the May 7 Filing that neither has dissolved.[1] The corporate defendants remain obligated to comply with all of the terms of the Consent Decree for three years from the Effective Date of April 9, 2019. *See id.* ¶ 10. In the event the corporate defendants formally dissolve, they will remain subject to

---

[1] The Consent Decree requires Defendants to notify the State 30 days prior to any change in corporate structure of Suburban Express or Allerton Charter—a requirement Toeppen did not follow relating to the May 7 Filing. *See* Consent Decree ¶ 7.

2

the post-dissolution provisions of the Illinois Business Corporations Act. *See* 805 ILCS 5/12.30(c)(5); 805 ILCS 5/12.80.

## The Defendants' Consent Decree Obligations

4. The Defendants have several ongoing and upcoming affirmative obligations under the Consent Decree, including: (1) hosting a web form for submission of refund payment requests, along with a "prominently display[ed]" link to the form on the home page of each Defendant's website (Consent Decree ¶ 3(a)(iii)); (2) implementing and maintaining reasonable security measures to protect customer records containing personal information (Consent Decree ¶ 4(e)(i)); and (3) reporting customer complaints and other information to the State "[e]very 180 days for the duration of the consent decree" (Consent Decree ¶ 6). In addition, the Consent Decree requires annual training for Toeppen, approved by the State, regarding the laws against discrimination on the basis of race, national origin, and religion. *Id.* ¶ 5. Given these ongoing requirements, Toeppen's latest purported actions hardly "obviate the need" for the Court's oversight. May 7 Filing at 2.[2]

---

[2] The State's concern that Toeppen and the corporate Defendants believe they need no longer comply with the Consent Decree is heightened given Toeppen's recent public announcement that he has commissioned the construction of a "Ted Kaczynski cabin" in which he will live as part of his "escape to [an] unknown wilderness location" that is "drawing closer." dtoeppen, *Ted Shed*, YOUTUBE (May 5, 2018), https://www.youtube.com/watch?v=o278pP1Qcic at 0:14, 1:30 (including caption "Where will it land? Nobody knows."). Given this message by Toeppen, the State seeks an order that Toeppen must provide email and mailing addresses to the State at which the State can reliably reach him during the term of the Consent Decree.

3

**Defendant Suburban Express's Current Breach of Consent Decree Obligations**

5. The Consent Decree requires Defendant Suburban Express to host a webform for refund payment requests and "prominently display a link to the form" with required text "on the home page of its website." Consent Decree ¶ 3(a)(iii). Until recently, Defendants had followed this requirement. As of this filing, however, Defendants have taken down the home pages of their websites suburbanexpress.com and illinishuttle.com, thus removing from public view the required language and link to the webform. *See* Exs. A & B.

6. In other words, Defendants have left their customers with no way to find the refund payment webform unless they somehow already possess its precise URL. This conduct violates both the letter and spirit of Paragraph 3(a)(iii) of the Consent Decree, particularly given that Suburban Express continues to exist as an entity.[3]

7. The State accordingly seeks an order that Defendants maintain home pages at illinishuttle.com and suburbanexpress.com upon which visitors may learn about and access the link to the payment webform for the duration of the refund request period, which lasts through October 6, 2019, all as required by the Consent Decree.[4]

---

[3] Toeppen represented to the Court in his filing that both the Suburban Express and Illini Shuttle websites will include an "announc[e]ment of cessation of business" as of May 7, 2019, presumably on each site's home page, May 7 Filing at 1—but as of today, there is no such announcement on either site. *See* Exs. A & B.

[4] The State requested in an email to Toeppen that Defendants repost the home pages of these websites to the extent that customers could receive notice of the webform and a link to the form. Toeppen refused, informing the State that he was willing only to reinstate the entirety of suburbanexpress.com, including its "Page of Shame" and

**The State's Pending Motion to Enforce and for Sanctions**

8.  The actions Toeppen discusses in the May 7 Filing do not render the State's pending Motion to Enforce Consent Decree moot. Within a week of the Court's entry of the Consent Decree, Toeppen undertook various actions to undermine or otherwise intentionally flout its terms. These actions justify sanctions both as a punitive remedy and as a deterrent. *See* Dkt. 106 at 2–3 (Toeppen's comment to the media that the State's complaint "had a great deal of MSG sprinkled on it"); *id*. at 7–8 (Toeppen misrepresented to the Court that he could not post required anti-discrimination language on Defendants' websites during his vacation); Apr. 23, 2019 Hrg. Trans. at 35:24–36:2 (attached as Ex. C) (noting text placed by Defendants to undermine required anti-discrimination language on Defendants' websites). In addition, the defendant corporate entities' lack of response to the State's motion independently justifies the State's requested relief as to the Defendants Suburban Express and Allerton Charter.

WHEREFORE, the State respectfully requests that the Court:

    a.    Order Defendants to maintain home pages at illinishuttle.com and suburbanexpress.com upon which visitors may learn about and access

---

attack pages against individual customers. This immediate and intentional breach, replete with Defendants' bad faith, requires action by the Court regardless of any purported 30-day cure period. Each day that customers are unable to find the webform is another day customers are misled into believing that the corporate Defendants' purported cessation of business equates to an inability to submit refund requests. Indeed, submissions of completed webforms by customers have slowed considerably in recent days.

      the link to the payment webform during the refund request period, which lasts through October 6, 2019;

b.    Order Toeppen to provide email and mailing addresses at which the State can reliably reach him during the pendency of the Consent Decree; and

c.    Enter any further orders that the Court deems just and appropriate, including ordering the relief requested in the State's pending Motion to Enforce Consent Decree.

Date: May 20, 2019

Respectfully submitted,

By: /s/ Jeff VanDam

KWAME RAOUL
*Attorney General of Illinois*

Jeanne Witherspoon
Matthew V. Chimienti
Alison V. Hill
Jeff VanDam
Thomas J. Verticchio
*Assistant Attorneys General*
Civil Rights & Special Litigation Bureaus
100 W. Randolph Street, 11th floor
Chicago, IL 60601
Tel.: (312) 814-1188
*jwitherspoon@atg.state.il.us*
*mchimienti@atg.state.il.us*
*ahill@atg.state.il.us*
*jvandam@atg.state.il.us*
*tverticchio@atg.state.il.us*