## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS *ex rel*. KWAME RAOUL, Attorney General of the State of Illinois, | ) ) ) | No. 1:18-cv-2861 |
| | ) | |
| *Plaintiff*, | ) ) | Judge Andrea R. Wood |
| v. | ) ) | |
| SUBURBAN EXPRESS, INC.; ALLERTON CHARTER COACH, INC.; and DENNIS TOEPPEN, individually and in his official capacity as owner, | ) ) ) ) ) | |
| | ) | |
| *Defendants*. | ) | |

## MOTION TO AMEND CONSENT DECREE DATE

Plaintiff, the People of the State of Illinois *ex rel*. Kwame Raoul, Attorney General of the State of Illinois ("the State"), respectfully moves this honorable Court to amend a date in the consent decree entered in this case (Dkt. 95) ("Consent Decree") pursuant to Federal Rule of Civil Procedure 60(b)(5). In support of its motion, the State states the following:

### *Background*

1.  On April 9, 2019, the Court entered the Consent Decree between the State and Defendants ("Effective Date"), requiring, *inter alia*, Defendants to pay $100,000 within 180 days of the Effective Date (the "Payment")—by October 6, 2019. Consent Decree ¶ 3(a).

2.     The Consent Decree requires the State to distribute payments to certain of Defendants' customers from Defendants' $100,000 payment after evaluating and approving customers' online payment requests at the State's discretion. *Id.* ¶ 3(a)(v). Defendants' customers may submit payment requests within 180 days of the Consent Decree's Effective Date, or by October 6, 2019. *Id.* ¶ 3(a)(iii).

3.     Thus, the deadlines for Defendants to make the Payment and for Defendants' customers to request payments are both on October 6, 2019. Because it was anticipated that the Defendants would make the Payment on October 6, 2019 (the "Anticipated Payment Date"), the Consent Decree provides that the period for the State to evaluate payment requests, process approved requests, and pay approved requests would begin on the Anticipated Payment Date. Consent Decree ¶ 3(a)(v). Defendants, however, made the Payment on May 15, 2019, nearly five months prior to the Anticipated Payment Date.

4.     The State began receiving customer payment requests on April 30, 2019 via an online web form hosted by Defendants, and continues to receive customer payment requests. To date, the State has received over 8,600 payment requests from Defendants' customers, a number far greater than anticipated.

5.     The State is required under the Consent Decree to evaluate each customer payment request, process approved claims for payment, and then pay the approved requests. The State believed it could complete this process by April 3, 2020, which is 180 days after the October 6, 2019 close of the payment request period and the October 6, 2019 Anticipated Payment Date.

6.      Because the Defendants made the Payment on May 15, 2019, rather than as anticipated on October 6, 2019, the time for the State to evaluate each customer payment request, process approved claims for payment, and then pay the approved requests has truncated from the anticipated 180 days (October 6, 2019 to April 3, 2020) to 40 days (October 6, 2019 to November 15, 2019).

*Analysis*

7.      A party seeking to obtain modification of a consent decree under Rule 60(b)(5) "must establish that: (1) a significant change in circumstances warrants revision of the decree; and (2) the proposed modification is suitably tailored to the changed circumstance." *Ferrell v. U.S. Dep't of Housing & Urban Dev.*, No. 73 C 334, 2002 WL 1998310, at *3 (N.D. Ill. Aug. 28, 2002) (citing *Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 383 (1992)). Once a party satisfies its burden, "a court abuses its discretion when it refuses to modify an injunction or consent decree in light of such changes." *Horne v. Flores*, 557 U.S. 433, 447 (2009). *See also Shakman v. City of Chicago*, 426 F.3d 925, 931 (7th Cir. 2005) ("[A] party seeking modification of a consent decree does not have to prove a grievous wrong.")

8.      Defendants' payment long before the Anticipated Payment Date trigger the State's evaluation and payment obligations far earlier than the State expected when the Court entered the Consent Decree. Because the Consent Decree requires the State to evaluate and pay customer claims within 180 days of receipt of Defendants' payment on May 15, 2019, the State must complete these evaluations

3

and payments by November 15, 2019, only 40 days after the customer payment request period closes.

9.      It will be substantially more onerous (and perhaps impossible) for the State to evaluate, process, and pay nearly 9,000 customer payment requests in 40 days, rather in the anticipated 180 days. These factors in combination constitute "a significant change in … factual conditions" suitable to warrant modification of the Consent Decree under Rule 60(b)(5). *Rufo*, 502 U.S. at 384; *see also V&V Food Prods., Inc. v. Cacique Cheese Co.*, No. 86 C 8695, 2003 WL 255235, at *3 (N.D. Ill. Feb. 4, 2003) ("Factual change may warrant modification of an injunction 'when changed factual conditions make compliance ... substantially more onerous .... [or] when a decree proves to be unworkable because of unforeseen obstacles.'" (quoting *Rufo*, 502 U.S. at 384)).

10.     Therefore, the State requests that the final clause of paragraph 3(a)(v) of the Consent Decree be amended ***from*** "within 180 days of receipt of" the Payment, ***to*** "within 180 days of the close of the time period for customers to seek payments set forth in Paragraph 3(a)(ii) of the Consent Decree," the date of April 3, 2020.

11.     This revision is suitably tailored to the changed circumstances of this case, as it provides the State a reasonable time period to evaluate thousands of payment requests from Defendants' customers. And the requested amendment does not prejudice the Defendants in any way. The proposed modification also aligns with the Seventh Circuit's recognition of the special need for courts in the consent decree context "to ensure that changes in factual or legal circumstances do not transform a

4

once-just result into one that is unjust, illegal or overly burdensome and do not unnecessarily hinder a State in providing for the welfare of its citizenry." *O'Sullivan v. City of Chicago*, 396 F.3d 843, 865–66 (7th Cir. 2005) (noting the "flexible standard" of Rule 60(b)(5)).

12. The State requested the Defendants' agreement to the State's proposed amendment prior to bringing this motion. The Defendants declined to agree, unless the State agreed to waive Defendants' annual training required by the Consent Decree.

WHEREFORE, the State respectfully requests that the Court:

a. amend the final clause of paragraph 3(a)(v) of the Consent Decree to read "within 180 days of the close of the time period for customers to seek payments set forth in paragraph 3(a)(ii) of the Consent Decree"; and

b. enter any further orders that the Court deems just and appropriate.

Date: August 22, 2019                    Respectfully submitted,

                                         By: /s/ Alison V. Hill

                                         KWAME RAOUL
                                         *Attorney General of Illinois*

                                         Jeanne Witherspoon (ARDC 6194219)
                                         Matthew V. Chimienti (ARDC
                                         6312531)
                                         Alison V. Hill (ARDC 6327029)
                                         Jeff VanDam (ARDC 6314182)
                                         Thomas J. Verticchio (ARDC 6190501)
                                         *Assistant Attorneys General*
                                         Civil Rights & Special Litigation
                                         Bureaus
                                         100 W. Randolph Street, 11th floor
                                         Chicago, IL 60601
                                         Tel.: (312) 814-3954
                                         *jwitherspoon@atg.state.il.us*
                                         *mchimienti@atg.state.il.us*
                                         *ahill@atg.state.il.us*
                                         *jvandam@atg.state.il.us*
                                         *tverticchio@atg.state.il.us*