UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



FILED

AUG 2 3 2019

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

PEOPLE OF THE STATE OF ILLINOIS )
ex rel. KWAME RAOUL, Attorney General )
of the State of Illinois, )
Plaintiff, )
)
v. )  No. 1:18-cv-2861
) Judge Andrea R. Wood
SUBURBAN EXPRESS, INC.; ALLERTON )
CHARTER COACH, INC.; and DENNIS )
TOEPPEN, individually and in his official )
capacity as owner, )
Defendants. )

## RESPONSE TO PLAINTIFF'S MOTION TO AMEND DATED 8/22/19

1. Plaintiff has previously petitioned the court to interpret consent decree ("CD") in light most favorable to State.

For instance, Plaintiff previously asked the court to ignore provision of CD that grants Defendant 30 days to cure any breach. Plaintiff alleged that Defendants' failure to post CD-required notices on website immediately upon court execution of CD while Defendant Toeppen was on vacation constituted an intentional breach.

CD makes no mention of supposed intent or lack of intent in interpreting alleged breaches. It simply allows for a 30 day notice-cure process.

Plaintiff has more or less argued that if they *claim* an action by Plaintiff was intentional, even when it was not, the 30 day cure period does not apply. In other words, Plaintiff wants CD to mean whatever they want it to mean, regardless of the language of the CD.

2. Negotiation of CD was a lengthy, time-consuming process. Plaintiff had no less than FIVE ATTORNEYS employed by and paid by the State of Illinois working on this lawsuit. Presumably, the five attorneys had the ability to anticipate the consequences of the language they drafted and/or approved. Certainly, Attorney General Kwame Raoul had the ability to detect and reject any language which was problematic for the State.

3. As an apparent result of inattention to detail, Plaintiff apparently penned and accepted CD language that it now regrets.

4. Plaintiff has previously argued before this court that Defendant should absolutely be held accountable for all actions, whether intentional or not. State has repeatedly rejected the proposition that someone might err unintentionally.

5. The Attorney General's office did not offer Defendants an opportunity to cure any alleged transgressions, whether intentional or not, before filing suit. Defendant's business and life were changed forever by Attorney General's broad, overreaching lawsuit and shameless glory-seeking.

6. Yet Plaintiffs are now seeking flexibility from Defendants, so they can avoid the INCONVENIENCE of having to process in 40 days the very payment requests that they so desperately wanted. Incredibly, Plaintiffs are upset that Defendants paid them $100,000 *too quickly.*

7. Defendant objects in the strongest possible terms to Attorney General Kwame Raoul's Office being granted a do-over in this matter. Plaintiff attorneys should be required to cope with the self-induced minor inconvenience they *created for themselves.* Kwame Raoul's office and the FIVE ATTORNEYS assigned to this matter should take responsibility for their actions and abide by the agreement which they negotiated over the course of many months.

8.  Defendants note that Plaintiff's unsworn statement in paragraph 9 ("will be substantially more onerous (and perhaps impossible) for the State to evaluate, process, and pay nearly 9,000 customer payment requests in 40 days") is not a sufficient evidentiary basis to alter a consent decree.

9.  Prior paragraphs notwithstanding, Defendants remain committed to complying with the letter and intent of the CD, to the best of Defendants' abilities. Defendant Toeppen responded immediately to Plaintiff's 8/21/19 communication regarding desire to amend CD. Specifically, Defendant Toeppen communicated his desire to not devote time and money to sensitivity training since Defendant Toeppen is no longer engaged in offering "public accommodations," and attempted to discuss matter with Plaintiff. Defendant Toeppen received no further communications from Plaintiff before receiving filed Motion to Amend. Defendants remain willing to discuss potential amendments to CD.

10. Defendants pray that the court will deny Plaintiff's motion in its entirety, and thereby cause the parties to negotiate sensibly with one another as opposed to bothering the Court every time something comes up during the three year term of the CD.

11. Defendants request that the court order Plaintiff to pay Defendants' costs associated with addressing Plaintiff's motion of 8/22/19.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Dennis Toeppen

Respectfully submitted August 22, 2019 by Defendant Toeppen, representing himself and both of his businesses in his role of sole stockholder and president of both.