



**FILED**

OCT 07 2019

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS ex rel. KWAME RAOUL, Attorney General of the State of Illinois, Plaintiff, <br><br> v. <br><br> SUBURBAN EXPRESS, INC.; ALLERTON CHARTER COACH, INC.; and DENNIS TOEPPEN, individually and in his official capacity as owner, Defendants. | No. 1:18-cv-2861 <br> Judge Andrea R. Wood |

## MOTION FOR MONETARY COMPENSATION

1.   Plaintiff and Defendants entered into a binding written contract ("Consent Decree") on or about April 9, 2019.

2.   Consent Decree called for Defendants to tender payment of $100,000 sometime during the period April 9, 2019 - October 9, 2019.

3.   Plaintiff had 180 days from date payment is tendered to issue payments to former customers of Defendants.

4.   Defendants elected to make payment as soon as practical, rather than waiting until October 9, 2019 deadline so that all disbursements by Plaintiffs would be wrapped up in 2019, in order to bring a halt to frustrating, demoralizing and inaccurate press coverage of the underlying lawsuit and to prevent such coverage from continuing into calendar year 2020.

5.   Defendants could have invested the $100,000 that was remitted to state instead of paying it five months in advance of deadline, but

chose to remit early **specifically to obtain the benefit of the matter being wrapped up in 2019**.

6. Plaintiff sought to unilaterally change Consent Decree because they decided that remitting payments to former customers of Defendants in a 40 day period was too inconvenient.

7. Defendants objected to Plaintiff's request to unilaterally modify Consent Decree, on the basis that Defendants would be deprived of closure that Defendants were entitled to as a result of making $100,000 payment in advance of deadline.

8. For reasons that Defendant cannot grasp or fathom, Plaintiff's request to unilaterally change mutually agreed and binding Consent Decree was granted.

8. Defendants have been damaged in an amount equal to investment income lost as a result of relying on Plaintiff to comply with Consent Decree as written and executed.

9. Defendants request that the court enter an order requiring Plaintiff reimburse Defendants for lost investment income of $2080, calculated at 5% interest.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Dennis Toeppen

Respectfully submitted October 4, 2019 by Defendant Toeppen, representing himself and both of his businesses in his role of sole stockholder and president of both.