UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS<br>ex rel. LISA MADIGAN, Attorney General<br>of the State of Illinois<br><br>Plaintiff,<br><br>v.<br><br>SUBURBAN EXPRESS, INC., et al,<br><br>Defendants. | Case No.: 1:18-cv-02861<br>Honorable Andrea R. Wood |

FILED
OCT 10 2019
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MOTION TO AMEND CONSENT DECREE

Defendant Dennis Toeppen ("Toeppen"), individually and as sole stockholder of Defendants Suburban Express, Inc. ("Suburban") and Allerton Charter Coach, Inc. ("Allerton") respectfully moves that this Court amend a specific term in the consent decree entered in this case (Dkt. 95) ("Consent Decree"), pursuant to Federal Rule of Civil Procedure 60(b)(5). In support of his motion, Defendant states the following:

*Background*

1. On April 9, 2019, the Court entered the Consent Decree between the Plaintiff and Defendants ("Effective Date"), requiring that Toeppen and all employees of Suburban and Allerton attend annual training, approved by OAG, regarding the laws against discrimination on the basis of race, national origin, and religion.

2. On or about May 6, 2019, Suburban and Allerton ceased business operations. Since then, neither company has offered any form of public accommodation or transportation

service, and both will be dissolved as soon as assets are liquidated. Due to the cessation of Allerton and Suburban operations, Toeppen is no longer employed by either.

3. Plaintiff has been notified that both Allerton and Suburban have ceased all operations and that no Defendant is engaged in offering transportation to the public or offering public accommodations of any kind.

4. At the time the Consent Decree was entered in this case, all Defendants anticipated that they would continue offering transportation services to the public.

*Analysis*

5. A party seeking to obtain modification of a consent decree under Rule 60(b)(5) "must establish that: (1) a significant change in circumstances warrants revision of the decree; and (2) the proposed modification is suitably tailored to the changed circumstance." *Ferrell v. U.S. Dep't of Housing & Urban Dev.*, No. 73 C 334, 2002 WL 1998310, at *3 (N.D. Ill. Aug. 28, 2002) (citing *Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 383 (1992)). Once a party satisfies its burden, "a court abuses its discretion when it refuses to modify an injunction or consent decree in light of such changes." *Horne v. Flores*, 557 U.S. 433, 447 (2009). *See also Shakman v. City of Chicago*, 426 F.3d 925, 931 (7th Cir. 2005) ("[A] party seeking modification of a consent decree does not have to prove a grievous wrong.")

6. Since they have ceased all operations, Defendants Allerton and Suburban no longer have any employees. Toeppen is no longer an employee of either.

7. Requiring Toeppen to undertake annual training, approved by OAG, regarding the laws against discrimination on the basis of race, national origin, and religion, serves none of the purposes that prompted Plaintiff to file this action, nor does it serve any further purpose other than to place an onerous obligation on Defendant Toeppen. Toeppen is no longer employed by

Suburban or Allerton, nor is he currently employed, nor is he engaged in providing transportation or public accommodations of any kind.

8. Plaintiff has argued on two occasions that Toeppen should be forced to attend training on the basis that he called employees of the office of the Attorney General of Illinois "retards." This argument is, of course, nonsense. It is inconceivable that any law against discrimination on the basis of race, national origin, and religion would prohibit an individual from criticizing a government body or its component parts. Such a law would clearly violate the First Amendment.

9. Therefore, Defendant Toeppen, requests that Paragraph 5 of the Requirements of the Consent Decree be amended to strike "**Dennis Toeppen and**" from the paragraph.

10. This revision of the Consent Decree is suitably tailored to the changed circumstances of this case, as it still requires employees of Suburban and Allerton to attend annual training during the term of the consent decree in the extremely unlikely, if not impossible, event that either entity resumes offering transportation services to the public. It only frees Toeppen of his obligation to attend the training required in Paragraph 5 now that he is no longer employed by Allerton or Suburban. Should Toeppen's employment with either Defendant unexpectedly resume, Consent Decree will require either Allerton or Suburban to provide Toeppen with training consistent with Paragraph 5. The Amendment requested by Toeppen does not prejudice the State in any way.

11. The proposed modification aligns with the Seventh Circuit's recognition of the special need for courts in the consent decree context "to ensure that changes in factual or legal circumstances do not transform a once-just result into one that is unjust, illegal or overly burdensome and do not unnecessarily hinder a State in providing for the welfare of its citizenry."

*O'Sullivan v. City of Chicago*, 396 F.3d 843, 865–66 (7th Cir. 2005) (noting the "flexible standard" of Rule 60(b)(5)).

12. Toeppen proposed the subject amendment to Plaintiff. Plaintiff refused to agree to the change.

WHEREFORE, Defendant, Dennis Toeppen, prays that this court grant his Motion to Amend Consent Decree as requested in this motion.

_____

Dennis Toeppen, individually

## PROOF OF SERVICE

The undersigned Defendant, under penalties as provided by law pursuant to the Illinois Supreme Court Rule 12 and 735 ILCS 5/1-109, certify that I filed **Motion to Amend Consent Decree** with the United States District Court via FedEx to Clerk's office on 20th Floor on or about October 10, 2019 and served notice on Plaintiff via email to suburban@atg.state.il.us on October 10, 2019.

_____ 10/9/19

Dennis Toeppen, individually